IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BEVELYN ROBINSON**                                                                                              **PLAINTIFF**

**VS.**                                            **NO. 5:04CV0437 JMM**

**PRINCIPAL LIFE INSURANCE COMPANY;**
**PRUDENTIAL INSURANCE COMPANY OF**
**AMERICA; BURLINGTON INDUSTRIES;**
**BURLINGTON RUG CORPORATION**                                                    **DEFENDANTS**

## ORDER

Pending before the Court is the separate Defendant Burlington Rug Corporation's Motion to Dismiss and the Response thereto. The Court hereby grants the motion dismissing the Plaintiff's state law claims as preempted by the Employment Retirement Income Security Act (ERISA) and dismissing Plaintiff's claim under the Family and Medical Leave Act (FMLA).

## STATEMENT OF THE CASE

Plaintiff worked for Defendant Burlington Industries from 1987 until February 2, 2001, when Defendant Burlington Rug Corporation succeeded Burlington Industries. Plaintiff then continued work for Defendant Burlington Rug from February 2, 2001 until September 29, 2003. Plaintiff participated in an ERISA plan policy while working for Burlington Industries, and when Burlington Rug succeeded them, it provided a policy through Prudential and then through Principal Life. Plaintiff claims to be a participant in both policies.

Plaintiff filed this action after having been denied short-term and long-term disability insurance benefits from both Defendants Prudential and Principal Life. Plaintiff claims several

state law causes of action against her employer Defendant Burlington Rug, and a violation of ERISA and FMLA against the Defendants Prudential and Principal Life.

## ANALYSIS

Under *Layes v. Mead Corp.*, 132 F.3d 1246 (8th Cir. 1998), the proper party defendant in an action for long-term disability benefits is the plan administrator. However, as in *Fink v. Dakotacare*, 324 F.3d 685 (8th Cir. 2003), the employer here had some duty to properly inform the insured and apply the premiums to ensure coverage under the plan. Therefore, even though Defendant Burlington Rug is Plaintiff's employer, it is a proper party because, as the Plaintiff argues, Defendant Burlington Rug had some control over the administration of the plan.

Defendant states and Plaintiff agrees that Congress passed ERISA to regulate employee benefit plans, allowing for consistent remedies and prompt and fair claims settlement procedures. Therefore, ERISA is the exclusive remedy if the claim "has a connection with or reference to [an employee benefit] plan." *Shaw v. Delta Air Lines*, 463 U.S. 85, 98 (1983). Plaintiff argues however that in the Eighth Circuit Court of Appeals, ERISA does not preempt state law claims against a party who acts in a non-fiduciary capacity. *Sparks v. Mo-Kan Iron Workers Pension*, 765 F.Supp.566,569 (W.D.Mo 1990). However, because Defendant Burlington Rug has "some control over administration of the plan," as argued by Plaintiff, ERISA preempts any state law claims that Plaintiff has filed against it. See *Brief of Plaintiff Bevelyn Robinson in Response to Separate Defendant Burlington Rug Company's [sic] Motion to Dismiss for Failure to State a Claim*, p. 5.

Finally, Plaintiff concedes that her claim does not fall under FMLA.

2

## CONCLUSION

THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED that the Defendant Burlington Rug Corporation's Motion to Dismiss for Failure to State a Claim is hereby granted (#6) in that the Court hereby grants the motion dismissing the Plaintiff's state law claims as preempted by the Employment Retirement Income Security Act (ERISA) and dismissing Plaintiff's claim under the Family and Medical Leave Act (FMLA). All claims under ERISA shall remain.

**IT IS SO ORDERED this 13th day of July, 2005.**

_____
**James M. Moody
United States District Judge**