IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BEVELYN ROBINSON                                                        PLAINTIFF

VS.                                   NO.  5:04CV00437 JMM

PRINCIPAL LIFE INSURANCE
COMPANY; PRUDENTIAL INSURANCE
COMPANY OF AMERICA;
BURLINGTON INDUSTRIES;
BURLINGTON RUG COMPANY                                         DEFENDANT

## ORDER

Pending before the Court is the separate Defendant Prudential Insurance Company of America's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, the response thereto, and the reply.  The Court hereby grants the Motion for Summary Judgment, dismissing Plaintiff's claims against separate Defendant Prudential Insurance Company of America (Prudential).

## STATEMENT OF THE CASE

Plaintiff worked as a full-time employee for Defendant Burlington Industries from 1987 until on or about February 2, 2001, when Defendant Burlington Rug Corporation succeeded Burlington Industries.  Plaintiff then continued work for Defendant Burlington Rug from on or about  February 2, 2001, until June 25, 2001, as a temporary employee, at which time she

resumed full time employment with Burlington Rug until September 29, 2003[1].  Plaintiff participated in an ERISA plan policy while working for Burlington Industries, and when Burlington Rug succeeded them, it provided a policy through Prudential until September 1, 2001.  On that date, coverage was provided through Principal Life Insurance Company (Principal Life).  Plaintiff claims to be a participant in both policies.

Plaintiff was injured in a car accident on September 12, 2000, and applied for long term disability benefits sometime after July 31, 2002.  Plaintiff filed this action after having been denied long-term disability insurance benefits from both Defendants Prudential and Principal Life.  Prudential filed the pending Motion to Dismiss/ Motion for Summary Judgment asserting that Plaintiff was not covered by the Prudential Plan at the time of her alleged continuous disability.

**STATEMENT OF LAW**

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds.  Fed. R. Civ. P. 56.  The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The initial inquiry is whether there are genuine issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477

---

[1]There is some dispute as to whether Plaintiff was terminated at the time Burlington Industries was sold to Burlington Rug Corporation, however, it is not disputed that Plaintiff continued to work at least part time for the new company, and became full time in June 2001.

U.S. 242, 250 (1986). The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact. *Counts v. MK-Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988).

## ANALYSIS

Prudential moves for dismissal based on the terms of the plan, and the Plaintiff's failure to satisfy the 180 day elimination period during her coverage under the Plan. The terms of the plan provide that coverage ends if the employee (1) is no longer in active employment with Burlington Industries; (2) no longer a member of the covered class; (3) the class no longer exists; or (4) the employee is no longer making the required contributions. Prudential states that any one of these events terminates coverage under the plan. This argument hinges on whether Plaintiff was terminated at the beginning of February, 2001, or if, as a temporary employee, she remained a member of the covered class. Plaintiff argues that she remained a member of the covered class because she was not terminated on February 2, 2001.

However, the Court does not have to reach any conclusions regarding her status during that time because the Plaintiff failed to satisfy the 180 day elimination period during her coverage under the Plan. Between September 12, 2000, the date of the injury, and July 31, 2002, the date Plaintiff stopped working altogether, Plaintiff did not go to work for a period of around 56 days. Those days were spread out, and many were more than 30 days apart. The elimination period as defined under the Prudential plan consists of 180 days of continuous disability. A disability is treated as continuous under the plan if the disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination

period. *See* BR-PRU-113 Administrative Record.

Plaintiff argues that, including the days she missed work after July 31, 2002, she has accumulated over 300 days in all of medically prescribed disability.  Plaintiff claims that she substantially meets the requirements of the Prudential plan with respect to the elimination period.  Further, to require more would encourage an insured not to go back to work as soon as possible.  While the Court understands the Plaintiff's argument that to require an insured to be off work for a consecutive 180 days does not encourage one to return to work, that is not the requirement under Prudential's plan.  Prudential requires a continuous, not a consecutive, disability period of 180 days.  Under the plan as outlined above, one may return to work, so long as the return is for not more than 30 days at a time.  In this instance, Plaintiff returned to work a little over a month after her accident, but continued to seek treatment.  She was unable to perform her job and off work on November 2, 2000, November 30, 2000, January 1, 2001,  January 30, 2001, April 6, 2001, June 18, 2001, October 20, 2001, and November 20, 2001.  *See* BR-PRU-032 Administrative Record.   Therefore, Plaintiff's disability would not be considered continuous under the Plan because she was able to perform her job for extended periods of more than 30 days.  Each time she worked for more than 30 days, the elimination period would have to begin again.  It was not until after July 31, 2002, that Plaintiff became continuously disabled by the definition of Prudential's Plan, and at that point, Prudential's policy had been canceled, and Principal Life had become the new provider.

Finally, Plaintiff argues that the recurrent disability requirements would work to deny eligibility because the insured would have to meet the elimination period as a prerequisite.  A recurrent disability is a disability which is caused by a worsening in the insured's condition and it

is due to the same cause as the prior disability for which Prudential made a Long Term Disability payment.  *See* BR-PRU-131 Administrative Record.   However, under the policy, even if Plaintiff were entitled to a recurrent disability payment by meeting the elimination period prerequisite, when Principal Life became the new provider, Plaintiff lost her eligibility for payments under Prudential. *See* BR-PRU-122 Administrative Record.

## CONCLUSION

THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED that the Defendant Prudential Insurance Company of America's Motion for Summary Judgment is granted (#29).  Defendant Prudential Insurance Company of America is hereby dismissed from this action.

**IT IS SO ORDERED this  26TH  day of August, 2005.**

_____
**James M. Moody**
**United States District Judge**