IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BEVELYN ROBINSON                                              PLAINTIFF

VS.                              NO.  5:04CV00437 JMM

PRINCIPAL LIFE INSURANCE COMPANY;
PRUDENTIAL INSURANCE COMPANY OF AMERICA;
BURLINGTON INDUSTRIES; BURLINGTON RUG
COMPANY                                                       DEFENDANTS


## ORDER

Pending before the Court is the Plaintiff's complaint against Principal Life Insurance

Company (Principal) claiming that Principal is in violation of the Employment Retirement

Income Security Act (ERISA), and  the Family and Medical Leave Act (FMLA), 29 U.S.C. §

2601, et seq.  Further, Plaintiff claims Principal has committed a breach of contract, violation of

casualty insurance regulations, bad faith breach of contract, intentional infliction of mental

distress and outrage, because Principal denied Plaintiff's claim for long term and short term

disability payments.   Also pending are the ERISA claims left to be analyzed regarding

Burlington Rug Corporation.  The Court hereby dismisses the Plaintiff's claims against Principal

and upholds Plaintiff's ERISA claims against Burlington Rug Corporation.


## FACTS

Plaintiff worked as a full-time employee for Defendant Burlington Industries from 1987

until on or about February 2, 2001, when Defendant Burlington Rug Corporation succeeded

Burlington Industries.  Before Burlington Rug succeeded Burlington Industries, Burlington

Industries provided a long-term disability benefit plan, covered by ERISA, to eligible employees through Prudential Insurance Company of America (Prudential).  After Burlington Rug took over, it provided a replacement policy through Prudential for long-term disability benefits.  This policy stayed in effect until September 1, 2001.

Plaintiff  continued work for Defendant Burlington Rug from on or about February 2, 2001, until June 25, 2001, as a temporary employee, at which time she resumed full time employment with Burlington Rug until September 29, 2003.[1]  On June 17, 2001, Plaintiff obtained an enrollment card and was informed that her long-term disability coverage would go into effect on September 1, 2001 (which was after the Employment Waiting Period of the first day of the month following sixty (60) days during which an employee was actively at work under Prudential's policy plan.)  However, on September 1, 2001, Burlington Rug switched insurance from Prudential to Principal.

Plaintiff was injured in a car accident on September 12, 2000, and applied for long term disability benefits sometime after July 31, 2002.  Plaintiff filed this action after having been denied long-term disability insurance benefits from both Defendants Prudential and Principal. The Court granted Prudential's Motion for Summary Judgment in the Order of August 26, 2005.

## STANDARD OF REVIEW

A denial of benefits challenged under 29 U.S.C.A. § 1132 (a)(1)(B) ( ERISA) is to be reviewed under a *de novo* standard.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109

---

[1]There is some dispute as to whether Plaintiff was terminated at the time Burlington Industries was sold to Burlington Rug Corporation, however, it is not disputed that Plaintiff continued to work at least part time for the new company, and became full time in June 2001.

S.Ct. 948 (1989); *Weyrauch v. Cigna Life Ins. Co. of New York*, 416 F.3d 717, 720 (8th Cir.

2005).  However, where an ERISA plan gives the administrator discretionary authority to

determine eligibility for benefits or to construe terms of the plan, the court reviews plan

administrator's denial of benefits for abuse of discretion.  *Layes v. Mead Corp.*, 132 F.3d 1246

(8th Cir. 1998); *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994 (8th Cir. 2005).  Under the

abuse of discretion standard, "the proper inquiry is whether the plan administrator's decision was

reasonable." *Norris v. Citibank, N.A. Disability Plan*, 308 F.3d 880 (8th Cir. 2002), citing

(*Fletcher-Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1179 (8th Cir. 2001)).  A plan

administrator's decision is reasonable if it is supported by "substantial evidence," which means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Id.*  A reviewing court should consider only the evidence that was before the plan administrator

when the claim was denied. *Id., citing Layes,* 132 F.3d at 1251.

      The Principal  policy as indicated in Section A, Article 9, which took effect September 1,

2001, states as follows:

> The Principal (Principal Life Insurance Company)
>  has complete discretion to construe or interpret the
> provisions of this group insurance policy, to determine
> eligibility for benefits, and to determine the type and
>  extent of benefits, if any, to be provided.  The decisions
> of The Principal in such matters shall be controlling, binding,
> and final as between The Principal and persons covered by
> this Group Policy, subject to the Claims Procedures in PART
> IV, Article 8.

      Attachment to *Separate Defendant Principal Life Insurance Company's Brief Pursuant
> to the Court's Scheduling Order*, *Part One of Three*, PR-0062-63.

Therefore, the appropriate standard of review in evaluating Principal's denial of Plaintiff's claim

for disability benefits is the abuse of discretion standard.

This Court held in its Order of July 13, 2005, that Burlington Rug is a proper party because Burlington Rug had some control over the administration of the plan.  The state law claims against Burlington Rug are preempted by ERISA.  However, as stated in that Order, the claims against Burlington Rug that are covered under ERISA remain.   Because Burlington Rug did not have complete discretion in determining the benefits under either Principal's or Prudential's plans, the *de novo* standard of review is appropriate in reviewing its actions.

## ANALYSIS

One  issue before the Court is whether Principal acted reasonably in denying Plaintiff benefits.    Under the Principal plan, a preexisting condition is defined as "any sickness, injury, Mental Health Condition, or drug or alcohol condition for which a Member:

a.  received medical treatment, consultation, care, or services; or

b.  was prescribed or took prescription medications; or

c.  had symptoms or conditions which would cause a reasonably prudent person to seek  diagnosis, care, or treatment;

in the three month period before he or she became insured under this Group Policy.

No benefits will be paid for a Disability that results from a Preexisting Condition unless, on the date the Member becomes Disabled, he or she has been Actively At Work for one full day after completing the earlier of:

a.  six consecutive months during which the Member was insured under this Group Policy, during which the Member received no treatment, consultation, care or service,  and no medication was prescribed or taken for the Preexisting Condition; or

b.  12 consecutive months during which the Member was insured under this Group Policy." *Separate Defendant Principal Life Insurance Company's Brief Pursuant to the Court's Scheduling Order, Part Two of Three*, PR0083-0084 .

Further, if Principal replaces coverage under a prior plan, employees may be covered

4

under the Principal Plan if they "(a) are eligible and enrolled under the Prior Plan on the date of

its termination." *Id.*, at PR 0084.

The Court finds it reasonable that Principal determined  Plaintiff's back injury was a

preexisting condition, which was excluded under the terms of the plan, because Plaintiff received

back treatment within the three months preceding coverage under the Principal Plan.  The record

supports that she was seen by Dr. Dodson on July 1, 2001, for back pain treatment.  *Id.*, at PR

0681.  The Court finds it reasonable that Principal determined that Plaintiff was not covered

under the provision governing Replacement of a Prior Plan because Plaintiff was not covered

under the Prudential Plan at the time she became eligible for coverage under the Principal Plan.

Plaintiff's coverage under the Prudential Plan would have begun September 1, 2001 had it

remained in effect.  *Id.*, at PR650.  Plaintiff was not covered by the Prudential Plan prior to

September 1, 2001 - the effective date of  the Principal Plan.  *Id.*, at PR 0650.

The Court reviews *de novo* the actions of Defendant Burlington Rug.  Plaintiff claims

Defendant Burlington Rug in effect denied her coverage by not keeping her informed of the

changes in insurance carriers.  Burlington Rug failed to inform Plaintiff of the change from

Prudential, on September 1, 2001, to Principal.  Moreover, Plaintiff was issued an enrollment

card on June 17, 2001 when she applied for long and short-term disability benefits.  She claims

that the Human Resources manager at Burlington Rug informed her that her benefits would be

effective September 1, 2001.  She continued to pay her premiums relying on that statement.

However, on the day her coverage was to begin, a new policy was established with Principal,

and the policy with Prudential was terminated.   It's clear that Burlington Rug had a duty to

ensure that Plaintiff would be covered under the new insurer by making arrangements with

Principal to cover Plaintiff under the Replacement of a Prior Plan provision.

The Plaintiff's request for attorney's fees must be analyzed in light of ERISA. The factors used to determine an award of attorney's fees in an ERISA case include: (1) the degree of culpability or bad faith which can be assigned to the opposing party; (2) its ability to pay; (3) the potential for deterring others in similar circumstances; (4) whether the moving party sought to benefit all plan participants or beneficiaries or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. 29 U.S.C.A. § 1132 (g)(1); *Park v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999 (8th Cir. 2004).

Considering the considerable changes in administration and insurance policies, the Court does not assign a high degree of culpability or bad faith to Defendant Burlington Rug's actions or inaction. The Court is not aware of Burlington Rug's ability to pay attorney's fees, and cannot measure the potential for deterring others in similar circumstances. The Plaintiff is not seeking to benefit all plan participants or resolve a significant legal question regarding ERISA. Finally, both parties positions have merit.

## CONCLUSION

The Plaintiff's state law claims are preempted by ERISA. *See Order of July 13, 2005, Document #34.* Therefore, all relief related to such state claims is denied. The Plaintiff concedes that her claim does not fall under FMLA.

THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff's claims against Defendant Principal are hereby dismissed. The Plaintiff's ERISA claims against Defendant Burlington Rug are upheld. Plaintiff is therefore awarded judgment against

Defendant Burlington Rug for the benefits due to her under the Principal contract had

arrangements been made for Plaintiff under the Replacement of a Prior Plan provision for the

face value of the policy of insurance or the actual loss claim, whichever is lower, plus all

additional benefits provided for in the policy.  The Plaintiff's request for attorney's fees is

denied.

       **IT IS SO ORDERED this 30th day of November, 2005.**

**James M. Moody**
**United States District Judge**